CATLIN *against* HARNED and others.

Where on a bill to foreclose a mortgage, a subsequent mortgagee, or judgment creditor, who is made a party defendant, answers and disclaims, he is entitled to costs against the plaintiff, to be paid out of the fund, if that is sufficient, and if not, to be paid by the plaintiff; he not having applied to such defendant, before suit brought, to release, or otherwise disclaim.

*October 15.*

BILL to foreclose a mortgage, executed by *J. Harned* and his wife, to the plaintiff. The mortgagors answered, ad-

1817.

CATLIN
v.
HARNED

mitting the facts, and consenting to a foreclosure.  Two of the defendants who had obtained judgments against *J. Har-ned,* subsequent to the plaintiff's mortgage, suffered the bill to be taken against them, *pro confesso.  J. W.* a subsequent mortgagee, and *G. C.* a subsequent judgment creditor, answered separately, admitting the facts charged in the plaintiff's bill, and disclaiming ; and the only question was, whether they were entitled, on their disclaimer, to costs against the plaintiff.

*Slosson,* for the plaintiff.

*C. W. Graham,* contra.

THE CHANCELLOR.  The defendants who have disclaimed are entitled to costs against the plaintiff, to be paid out of the fund, if sufficient, to satisfy the demand of the plaintiff and their costs ; and if not sufficient, then to be paid by the plaintiff.  They were not called upon nor requested to disclaim, by release or otherwise, before suit brought, which application to them would, probably, have saved the necessity of making them defendants.  A very slight refusal or neglect, on the part of these defendants, might be sufficient to deprive them of costs ; but without fault, and even ignorant, as the judgment creditor may be supposed to be, of the mortgage, they ought not to be sent out of court without their costs.  But the allowance of costs at all to these defendants, is attended with some difficulty, if those costs are eventually to fall on the plaintiff; for he was under the necessity, as it is generally understood, of making the subsequent incumbrancers parties.  In *Hankey* v. *Wilson,* cited by *Cooper,* in his treatise of pleadings, (p. 311.) it appears that a subsequent mortagee who had disclaimed, was denied costs.  It is a question on which different opinions may be entertained ; but where the parties stand equally fair, in every respect, I think, that the plain-

tiff, the *actor*, who brings the other into the court, ought to pay the expense.

Order accordingly.